UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD LEBEAU, | ) | CASE NO. 5:06 CV 0502 |
| | ) | |
| Plaintiff | ) | JUDGE GWIN |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' MOTION TO CERTIFY** |
| LEMBO CORPORATION, *et al*. | ) | **QUESTIONS OF LAW ARISING** |
| | ) | **UNDER R.C. § 2305.10(C)(1) TO THE** |
| Defendants. | ) | **SUPREME COURT OF OHIO** |
| | ) | |
| | ) | |
| | ) | |

Defendants Perry Videx LLC and Perry Equipment Corporation (collectively "Perry") move this Court to certify to the Supreme Court of Ohio certain questions of law arising under R.C. § 2305.10(C)(1), a statute of repose, pursuant to the procedures set forth under the Rules of Practice of the Supreme Court of Ohio, § 1 Ohio S.Ct. R. XVIII.

Specifically, Perry seeks interpretation on the following issues, which are determinative of this proceeding: (1) whether R.C. § 2305.10(C)(1) is constitutional on its face; and (2) if so, is it constitutional as applied where, as here, (a) an injury is allegedly caused by a machine that was manufactured more than 30 years ago, (b) nearly two years have accrued between the date of the injury and the filing of the lawsuit, and (c) nearly a year has accrued from when the statute was enacted and the filing of the lawsuit.

The law and reasons for this request are more fully stated in the brief which is attached to and accompanies this Motion.

/s/ C. Reynolds Keller_____
C. Reynolds Keller (0017470)
Melissa L. Zujkowski (0078227)
Elizabeth M. Hill (0078064)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7364
Fax (216) 583-7365
crkeller@ulmer.com
mzujkowski@ulmer.com
ehill@ulmer.com

Attorneys for Defendants Perry Equipment
Corporation and Perry Videx, LLC

**MEMORANDUM IN SUPPORT OF PERRY'S MOTION
TO CERTIFY QUESTIONS OF LAW**

**I.     INTRODUCTION**

Pending before this Court is Perry's Motion for Summary Judgment on the grounds that R.C. 2305.10(C)(1), a statute of repose that precludes products liability claims and actions for bodily injury that relate to old machinery, applies to bar Plaintiff Arnold LeBeau's ("LeBeau") claims. In his Brief in Opposition, LeBeau raises several constitutional challenges to the statute. Because the statute was only recently enacted on April 7, 2005, it has never before been interpreted or ruled upon by any Ohio court. Although Perry contests LeBeau's constitutional challenges, Perry acknowledges that there is no basis to confirm how the Supreme Court of Ohio would address the constitutionality of this statute. Thus, in an effort to efficiently resolve the constitutional challenges that LeBeau has raised, Perry requests that the following questions be certified to the Supreme Court of Ohio:

(1)     Whether R.C. § 2305.10(C)(1) is constitutional on its face; and

(2)     Whether R.C. § 2305.10(C)(1) is constitutional as applied when an injury is allegedly caused by a machine that was delivered to its first manufacturer more than 30 years ago, and where plaintiff waited nearly two years from the date of his injury, and nearly a year since the effective date of the statute, to file his lawsuit.

**II.     RELEVANT BACKGROUND**

R.C. § 2305.10(C)(1) provides that:

> . . . [N]o cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser . . . .

The plain language of the statute states that product liability claims brought later than 10 years from the date the product was delivered to the first purchaser are barred. LeBeau does not

3

dispute that the plain language of the statute bars his claims, nor can he.  It is undisputed that the machine at issue was manufactured in 1974 by the Lembo Corporation of Patterson, New Jersey.  (*See* LeBeau's Expert Report, p. 3, which is attached as Exhibit A to the Mot. for Sum. Jud.).  Perry sold the machine by December 5, 1992, at the very latest, to the Seaman Corporation, LeBeau's former employer.[1]  LeBeau sustained injuries while using the machine at work on March 6, 2004.  (Complaint, ¶ 3).  He later filed this lawsuit on March 6, 2006.

As stated above, rather than disputing that the statute plainly applies to his claims, LeBeau attacks R.C. § 2305.10(C)(1) as unconstitutional.  In sum, LeBeau argues that the law violates four sections of the Ohio Constitution including: (1) Section 28, Article II, because it is an ex post facto law; (2) Section 16, Article I, because it denies him a "right to remedy;" (3) Section 2, Article I, because it denies him equal protection; and (4) Section 16, Article I, because it denies him due process of the law.  (*See* Plaintiff's Memo. in Opp. to Mot. for Sum. Jud. pp. 6, 9, 14, and 17).  As Perry sets forth in its Reply in Support of Motion for Summary Judgment, none of these constitutional attacks has merit.

A related section of this statute, R.C. § 2305.10(G), provides guidance as to when R.C. § 2305.10(C)(1) applies.  The Ohio General Assembly explicitly stated that it applies in a remedial manner to civil actions <u>commenced on or after April 7, 2005 "regardless of when the cause of action accrued</u>." Accordingly, since LeBeau's injuries occurred approximately 30 years after the manufacture of the machine, and more than eleven years after Perry sold the machine to the Seaman Corp., who was not the first purchaser, this statute provides an absolute bar to his claims.

---

[1]  *See* Exhibits 6 and 18 to the deposition of Linda Jacobs, Logistics Manager for Perry, attached as Exhibit C to the Mot. for Sum. Jud.  These documents suggest that the Machine was both purchased and sold on the same day – December 1, 1992.

### III.     LAW AND ARGUMENT

Perry's request for certification satisfies the Supreme Court of Ohio's rule regarding certification of questions of state law, which provides:

> The Supreme Court may answer a question of law certified to it by a court of the United States. This rule may be invoked when the certifying court, in a proceeding before it, determines there is a question of Ohio law **that may be determinative of the proceeding** and for which there is **no controlling precedent** in the decisions of this Supreme Court, and issues a certification order.

§1 Ohio S.Ct. R XVIII (emphasis added). In 1991, the Ohio Supreme Court ruled that it has the power under the Ohio Constitution to answer certified questions from a federal court. *Scott v. Bank One Trust Co., N.A.*, 62 Ohio St.3d 39, 42-44 (1991).

Although recognizing that the decision to certify is at the discretion of the federal court, the Supreme Court has encouraged the practice of certifying novel and unsettled questions of law for reasons of efficiency and creating a "cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91, 94 S. Ct. 1741 (1974). The Sixth Circuit has followed suit, stating that a federal district court should certify a question when "the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995).

R.C. § 2305.10(C)(1) satisfies all of the foregoing requirements. Regarding "whether the law is determinative of the proceeding" LeBeau has not, and cannot, dispute that if the law is found constitutional, it will bar his claims. Regarding "controlling precedent," as stated above, since this statute has only been in effect since April 7, 2005, no Ohio court has yet had the opportunity to interpret or rule on it. It is worth noting, however, that although there is no precedent on this statute in Ohio, courts in several other jurisdictions have consistently rejected the very same constitutional challenges to similarly constructed statutes of repose. *Burlington N. & Santa Fe Ry. Co. v. Skinner Tank Co.*, 419 F.3d 355 (5th Cir. 2005); *Budler v. GMAC*, 400 F.3d

5

618 (8th Cir. 2002); *Land v. Yamaha Motor Corp.*, 272 F.3d 514 (7th Cir. 2001); *Estate of Branson v. O.F. Mossberg & Sons, Inc.*, 221 F.3d 1064 (8th Cir. 2000); *Shadburne-Vinton v. Dalkon Shield Claimants Trust*, 60 F.3d 1071 (4th Cir. 1995).

### III.     CONCLUSION

For the reasons stated above, Perry respectfully moves this Court to grant its Motion to Certify Questions of Law Arising Under R.C. § 2305.10(C)(1) to the Supreme Court of Ohio.

Alternatively, should this Court reject this Motion, Perry respectfully requests an opportunity to fully brief these newly raised constitutional issues before this Court.

Respectfully submitted,

/s/ C. Reynolds Keller\_\_
C. Reynolds Keller (0017470)
Melissa L. Zujkowski (0078227)
Elizabeth M. Hill (0078064)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7364
Fax (216) 583-7365
crkeller@ulmer.com
mzujkowski@ulmer.com
ehill@ulmer.com

Attorneys for Defendants Perry Equipment Corporation and Perry Videx, LLC

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2007, a copy of the foregoing was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Case Filing system. Parties and their counsel may access this filing through the Court's Electronic Case Filing system. A copy was sent by regular mail to all counsel of record not registered for electronic filing.

                                              s/ C. Reynolds Keller_____
                                              One of the Attorneys for Defendants
                                              Perry Equipment Corporation and Perry Videx, LLC

10364-0134
1611452.2