# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ARNOLD LEBEAU** | ) CASE NO. 5:06CV0502 |
| | ) |
| **Plaintiff,** | ) **JUDGE GWIN** |
| | ) |
| vs. | ) **PLAINTIFF'S MEMORANDUM IN** |
| | ) **OPPOSITION TO DEFENDANTS'** |
| **LEMBO CORPORATION,** *et al.* | ) **MOTION TO CERTIFY QUESTIONS OF** |
| | ) **LAW** |
| **Defendants.** | ) |

## MEMORANDUM

Plaintiff, Arnold LeBeau, hereby submits his Memorandum in Opposition to the Motion to Certify Questions of Law arising under R.C. §2305.10(C)(1) to the Supreme Court of Ohio that was filed on January 11, 2007. As will be developed further herein, no justification exists for delaying these proceedings for over a year with a certification order. As set forth in Plaintiff's Memorandum in Opposition to Motion for Summary Judgment of January 4, 2007, Ohio law is clear and unequivocal with regard to the enforceability of statutes of repose. Not even Defendant, Lembo Corporation, has been able to cite a single decision from the history of Ohio jurisprudence (which has not been overturned) supporting the view that such time bars can be utilized to extinguish a cause of action before it even accrues. Given that the current Justices on the Ohio Supreme Court are firm supporters of the venerable doctrine of *stare decis*, there is no reason to believe that they will overturn longstanding judicial precedent if certification is ordered in this instance.

The instant request for certification is based upon Ohio Sup. Ct. Prac. R. VIII, Section 1, which specifically directs that such an ancillary proceeding is appropriate <u>only</u> when "there is no controlling precedent in the decisions of this Supreme Court". This is hardly the case here. More than once, the Ohio Supreme Court has squarely held that a statute of repose may not be adopted consistent with the Ohio Constitution which bars a claim for relief even before it arises. *Adams v. Sherk*, 4 Ohio St.3d 37, 40, 446 N.E.2d 165, 167-168 (1983); *Hardy v. VerMeulen*, 32 Ohio St.3d 45, 47, 512 N.E.2d 626, 629 (1987); *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 59-61, 514 N.E.2d 709 (1987); *Brennaman v. R.M.I. Co.*, 70 Ohio St.3d 460, 639 N.E.2d 425 paragraph two of the syllabus. No attempt has been made by Defendants to demonstrate that these controlling opinions were somehow incorrectly decided.

More significantly, Defendant has offered no explanation for how the statutory repose set forth in newly enacted R.C. §2305.10(C)(1) can be reconciled with these binding precedents. No one disputes in this case that if this restriction is enforceable, Plaintiff's statutory products liability cause of action was forever foreclosed by December 2002. *Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 12*. His hand was not mangled in the Lembo Double Drum Laminator/Embosser until March 6, 2004. The new products liability statute of repose therefore extinguishes a cause of action before it has accrued, which is constitutionally impermissible in Ohio. This Court should have no part of Defendant's attempt to prolong this litigation through Ohio Supreme Court review of a long line of clear and unequivocal judicial precedent.

Even in the unlikely event that Defendant was able to convince the high court to forego *stare decis* and abrogate at least four (4) established precedents, this action would be far from

over. As previously noted by Plaintiff, he would still possess his common law products liability and breach of warranty claims. *Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, pp. 19-20.* This point has been conceded *sub silientio*. Neither the Motion to Certify Questions of Law nor the Reply in Support of Motion for Summary Judgment that Defendant submitted on January 11, 2007 challenge Plaintiff's reasoning in this regard. Certifying the issue of the statute of repose's viability to the Supreme Court of Ohio would thus be a wasteful exercise in futility.

## CONCLUSION

For the foregoing reasons, this Court should deny the request for certification and proceed to resolve the pending Motion for Summary Judgment based upon the briefing that has been submitted pursuant to the schedule that had been previously established.

Respectfully submitted,

| | |
|---|---|
| *s/W. Craig Bashein* | *s/Paul W. Flowers* |
| W. Craig Bashein, Esq. (#0034591) | Paul W. Flowers, Esq. (#0046625) |
| **BASHEIN & BASHEIN CO., L.P.A.** | **PAUL W. FLOWERS CO., L.P.A.** |

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2007, the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Paul W. Flowers*
Paul W. Flowers, Esq., (#0046625)
**PAUL W. FLOWERS CO., L.P.A.**
Attorney for Plaintiffs