UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| ARNOLD LEBEAU, | : | CASE NO. 5:06-cv-502 |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| vs. | : | OPINION AND ORDER |
|  | : | [Resolving Doc. 28] |
| LEMBO CORPORATION, et al., | : |  |
| Defendants. | : |  |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 11, 2007, Defendants Perry Videx LLC and Perry Equipment Corporation (collectively "Perry") filed a Motion to Certify Questions of Law Arising Under O.R.C. § 2305.10(C)(1) to the Supreme Court of Ohio. [Doc. 28.] On January 25, 2007, Plaintiff Arnold LeBeau filed an Opposition to the Motion for Certification. [Doc. 31.] On February 1, 2007, Defendants filed a Reply in Support of the Motion for Certification. [Doc. 32.]

Section One of Rule XVIII of the Rules of Practice of the Supreme Court of Ohio states:

> The Supreme Court may answer a question of law certified to it by a court of the United States. This rule may be invoked when the certifying court, in a proceeding before it, determines there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court, and issues a certification order.

"Resort to the certification procedure is most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). Likewise, the Supreme Court has held that certification "does, of course, in the long run save time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*,

Case No. 5:06-cv-1872
Gwin, J.

416 U.S. 386, 391 (1974).

In the instant case, Defendants properly note that "since this statute has only been in effect since April 7, 2005, no Ohio court has yet had the opportunity to interpret or rule on it." As such, the Court agrees with Defendants that "in the first instance, the Supreme Court of Ohio is the proper body to determine whether this reform measure is constitutional under Ohio law."

Defendants and Plaintiff are hereby ordered to meet and confer to determine the language of the question to be certified to the Supreme Court of Ohio. This proposed order of certification should be filed with the Court no later than seven days from the filing of this order. If the parties are unable to agree, the parties are ordered to submit their respective positions to the Court no later than seven days from the filing of this order.

IT IS SO ORDERED.


Dated: February 14, 2007          s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE