UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| ARNOLD LEBEAU, | : | CASE NO. 5:06-CV-502 |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| vs. | : | ORDER CERTIFYING QUESTIONS OF LAW TO THE SUPREME COURT OF OHIO |
| LEMBO CORPORATION, et al., | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Having determined that the above-styled case, a proceeding currently before the Court, presents questions of Ohio law which may be determinative of the cause and as to which it appears to the Court that there is no controlling precedent in the decisions of the Ohio Supreme Court, the Court issues a certification order pursuant to Rule XVIII of the Rules of Practice of the Supreme Court of Ohio and presents the Supreme Court with the following questions of law.

**I. Background**

On March 6, 2006, Plaintiff Arnold LeBeau filed a Complaint alleging the following causes of action: (1) statutory products liability; (2) common law products liability; (3) negligence; and (4) breach of warranty. Plaintiff seeks damages for injuries sustained while he worked as a line operator of a Lembo Double Drum Laminator/Embosser ("Machine") for Seaman Corporation. On March 6, 2004, Plaintiff's hand was pulled into the unguarded mechanized rollers of the Machine, and Plaintiff was unable to reach any of the emergency stop buttons.

Case No. 5:06-CV-502
Gwin, J.

Lembo Corporation ("Lembo") manufactured the Machine in 1974. However, Lembo filed for bankruptcy in 1996 and was liquidated in 1997. In the instant case, Plaintiff brought causes of action against multiple defendants, including Perry Videx LLC and Perry Equipment Corporation (collectively "Perry"). Perry is a broker of used machinery who briefly held title to the Machine before selling it to LeBeau's employer, Seaman Corporation, on or about December 5, 1992.

Pursuant to O.R.C. § 2307.78(A)(1), the supplier of hazardous equipment can be held liable for compensatory damages proximately caused by its negligence. Likewise, pursuant to O.R.C. § 2307.78(B)(2) liability may be imposed derivatively when a culpable manufacturer is insolvent.

On December 11, 2006, Perry filed a Motion for Summary Judgment, alleging that Plaintiff's claims are time-barred by the statute of repose set forth in O.R.C. § 2305.10(C)(1). O.R.C. § 2305.10(G) states:

> This section shall be considered to be purely remedial in operation and shall be applied in a remedial manner in any civil action commenced on or after April 7, 2005, in which this section is relevant, regardless of when the cause of action accrued and notwithstanding any other section of the Revised Code or prior rule of law of this state, but shall not be construed to apply to any civil action pending prior April 7, 2005.

Plaintiff filed his Complaint on March 6, 2006. As such, Perry argues that the statutory period for bringing the causes of action raised by the plaintiff had expired.

In addition, Defendant argues that the abrogation of "all common law product liability causes of action," codified in O.R.C. § 2307.71(B), applies to Plaintiff's common law products liability claims, as well as Plaintiff's negligence and breach of warranty claims.

In its Opposition to the Motion for Summary Judgment, filed on January 4, 2007, Plaintiff argues that O.R.C. § 2305.10 violates the following provisions of the Ohio Constitution: (1) Section

Case No. 5:06-CV-502
Gwin, J.

28, Article II (Ex Post Facto Laws); Section 16, Article I (Open Courts/Right to a Remedy); Section 2, Article I (Equal Protection); and Section 16, Article I (Due Process of Law). In addition, Plaintiff rejects Defendant's contention that O.R.C. § 2307.71(B) properly applies to Plaintiff's common law products liability, negligence and breach of warranty claims.

As O.R.C. § 2305.10(C)(1) and O.R.C. § 2307.71(B) were only recently enacted on April 7, 2005, the statutes have never been interpreted or ruled upon by any Ohio court. Likewise, the Supreme Court's ruling whether O.R.C. § 2305.10(C)(1) is constitutional and whether the Ohio Products Liability Act abrogates Plaintiff's second, third and fourth causes of action may be determinative of the instant case. As such, the following questions of law are properly certified to the Supreme Court pursuant to Rule XVIII of the Rules of Practice of the Supreme Court of Ohio.

## II. Questions of Law

1. Does Section 28, Article II of the Ohio Constitution (Ex Post Facto Laws) allow the ten (10) year statute of repose codified in O.R.C. 2305.10(C)(1) (eff. April 7, 2005) to be applied to a statutory products liability claim that accrued on March 6, 2004 and was filed on March 6, 2006?

2. If applicable to Petitioner's statutory products liability claim, does the ten (10) year statute of repose codified in O.R.C. 2305.10(C)(1) (eff. April 7, 2005) comport with Section 16, Article I, of the Ohio Constitution (Open Courts/Right to a Remedy)?

3. If applicable to Petitioner's statutory products liability claim, does the ten (10) year statute of repose codified in O.R.C. 2305.10(C)(1) (eff. April 7, 2005) comport with Section 2, Article I, of the Ohio Constitution (Equal Protection)?

4. If applicable to Petitioner's statutory products liability claim, does the ten (10) year statute of repose codified in O.R.C. 2305.10(C)(1) (eff. April 7, 2005) comport with Section 16, Article I, of the Ohio Constitution (Due Process of Law)?

5. Does the abrogation of common law product liability claims codified in O.R.C. 2307.71(B) (eff. April 7, 2005) apply to a claim that accrued on March 6, 2004 and was filed on March 6, 2006?

Case No. 5:06-CV-502
Gwin, J.

> 6. If O.R.C. 2305.10(C)(1) (eff. April 7, 2005) and/or O.R.C. 2307.71(B) (eff. April 7, 2005) can be constitutionally applied to Petitioner, is he also barred from pursuing a common law negligence claim against Respondents as an alleged supplier of the machinery that caused his injury of March 6, 2004?
>
> 7. If O.R.C. 2305.10(C)(1) (eff. April 7, 2005) and/or O.R.C. 2307.71(B) (eff. April 7, 2005) can be constitutionally applied to Petitioner, is he also barred from pursuing a common law breach of warranty claim against Respondent as an alleged supplier of the machinery that caused his injury of March 6, 2004?

### III. Additional Information

Among the Ohio decisions that might have a bearing on these questions are *Brennaman v. R.M.I. Co.*, 70 Ohio St. 3d 460 (1994); *Doe v. First United Methodist Church*, 68 Ohio St. 3d 531 (1994); *Lawyers Coop. Pub. Co. v. Muething*, 65 Ohio St. 3d 273 (1992); *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54 (1987); *Hardy v. VerMeulen*, 32 Ohio St.3d 45 (1987); *Adams v. Sherk*, 4 Ohio St.3d 37 (1983); *Kilbreath v. Rudy*, 16 Ohio St. 2d 70 (1968); and *Sette v. Benham, Blair & Affiliates*, 70 Ohio App. 3d 651 (Ohio App. 10 Dist. 1991).

### IV. Parties and Counsel

| | |
|---|---|
| Plaintiff (Respondent): | Arnold LeBeau |
| Counsel for Respondent: | Paul W. Flowers<br>Bashein & Bashein<br>35th Floor<br>50 Public Square<br>Cleveland, OH 44113<br><br>216-344-9393<br><br>W. Craig Bashein<br>Same<br><br>216-771-3239 |
| Defendants (Petitioners): | Perry Equipment Corporation<br>Perry Videx LLC |

Case No. 5:06-CV-502
Gwin, J.

| | |
|---|---|
| Counsel for Petitioners: | C. Reynolds Keller, Jr.<br>Ulmer & Berne<br>1100 Skylight Office Tower<br>1660 West Second Street<br>Cleveland, OH 44113-1448<br><br>216-583-7000<br><br>Elizabeth M. Hill<br>Same<br><br>216-583-7060<br><br>Melissa L. Zujkowski<br>Same<br><br>216-583-7364 |

## V. Designation of Moving Party

Defendant Perry is designated as the moving party.

    IT IS SO ORDERED.


Dated: March 5, 2007                      s/ *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

Case No. 5:06-CV-502
Gwin, J.

CERTIFICATE OF SERVICE

This will certify that a copy of the Order Certifying Questions of Law to the Supreme Court of Ohio was sent this 5th day of March, 2007, by ordinary U.S. mail to the Supreme Court of Ohio, Clerk's Office, 8th Floor, 65 South Front Street, Columbus, OH 43215.  Additionally, a copy of the Order Certifying Questions of Law to the Supreme Court of Ohio was served upon Arnold LeBeau; Paul W. Flowers, counsel for Plaintiff; W. Craig Bashein, counsel for Plaintiff; Perry Equipment Corporation; Perry Videx LLC; C. Reynolds Keller, Jr., counsel for Defendants; and Melissa L. Zujkowski, counsel for Defendants. All counsel, with the exception of Elizabeth M. Hill, were served via the Court's electronic filing system.  Parties noted above and Attorney Elizabeth M. Hill were served by ordinary U.S. mail.

    s/  Gwen Mackey
—————————————
Gwen Mackey
Deputy Clerk of Court