UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                              :
ARNOLD LEBEAU,                                :
                                              :  CASE NO. 5:06-CV-00502
    Plaintiff,                                :
                                              :
vs.                                           :  OPINION & ORDER
                                              :  [Resolving Doc. No. 42]
LEMBO CORPORATION, *et al.*,                  :
                                              :
                                              :
    Defendants.                               :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendants Perry Videx LLC and Perry Equipment Corporation (collectively "Perry Videx") move to supplement their motion for summary judgment. [Doc. 42.] The Plaintiff LeBeau opposes the motion to supplement [Doc. 48.] For the following reasons, this Court **DENIES** the Defendants' motion to supplement.

**I. The Motion to Supplement**

The Federal Rules of Civil Procedure do not require a district court to allow amendments to a motion. *See* Fed. R. Civ. P. 7; Fed. R. Civ. P. 15; *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1194 (3d ed. 2004). A district court has discretion to grant or deny amendments. 5 Wright & Miller § 1194. Counseling against such amendments is the general policy concern that "lawyers will be tempted to file [motions] in skeletal form and rely on their ability to expand or add new grounds at a later time." *Id.* Important factors to weigh include whether the amendment would prejudice adversary parties, delay a case's resolution, and upset the progression

Case No. 5:06-CV-00502
Gwin, J.

of the litigation that occurred in "reliance" on the original motion. *Id.*

## II. Background

On March 6, 2006, the Plaintiff LeBeau filed a products liability action against Perry Videx for a personal injury asserting four grounds for relief: statutory products liability, common law products liability, negligence, and breach of warranty. [Doc. 1 at 4-6.] On December 11, 2006, Perry Videx moved for summary judgment for all claims, saying that Ohio's ten year statute of repose, O.R.C. § 2305.10, barred LeBeau's claims. Perry Videx also said that Ohio's Products Liability Act, O.R.C. § 2307.71 *et seq.*, preempted LeBeau's breach of warranty claim. [Doc. 23 at 1.] Because Perry Videx's argument on the statute of repose presented novel issues of Ohio constitutional law, this Court stayed the proceedings and certified several questions to the Ohio Supreme Court on the statute of repose. [Doc. 38.] On April 16, 2008, the Ohio Supreme Court responded to one of the several certified questions, answering that Ohio's statute of repose violated the Retroactivity Clause of the Ohio Constitution as applied to LeBeau's claim. *LeBeau v. Perry Videx, L.L..C.*, 885 N.E.2d 242 (2008); *see also Groch v. General Motors Corp*, 883 N.E.2d 377 (Ohio 2008).

On August 11, 2008, more than two years after the initial motion for summary judgment, Perry Videx moved to supplement the original motion for summary judgment. Perry Videx asked the Court to consider new arguments why this Court should dismiss 1) LeBeau's statutory products liability claim because the statute precludes liability against a supplier whose only participation in a transaction is financial; 2) LeBeau's common law products liability claims because Ohio's Products Liability Act preempts the common law claim; and 3) LeBeau's negligence claim because Perry Videx had no knowledge of the machine's dangerousness. [Doc. 42 at 1.]

Case No. 5:06-CV-00502
Gwin, J.

### III. Analysis

Here, because Perry's initial motion focused only on two legal issues, the statute of repose and the preemption of common-law implied warranty, the factual issues surrounding Perry's new grounds for summary judgment have not been thoroughly developed. [Doc. 42 at 4-5.] To allow LeBeau a fair opportunity to conduct discovery on Perry's new grounds for dismissal would materially delay this already lengthy proceeding. Perry proposed the amendments more than two years after the initial motion. Although the Court does not attribute this delay to Perry Videx, Perry's new arguments do not relate to the Ohio Supreme Court's *Groch* decision. Perry Videx could have asserted all the arguments they now advance in the initial motion for summary judgment. Accordingly, this Court **DENIES** Perry Videx's motion to supplement.

**IT IS SO ORDERED.**

Dated: September 12, 2008               s/          *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE